## Brooks *v.* Yazoo & M. V. R. Co.

[72 South. 227.]

1. Master and Servant. *Injuries to servant. Actions. Question for jury. Death. Damages. Instructions.*

Under the Employer's Liability Act (Act April 22, 1908, chapter 149, 35, Stat. 65, U. S. Comp. St. 1913, sections 8657-8665), in an action for injuries to a servant resulting in his death the court held that under the evidence as set out in this case, it was a question for the jury as to whether or not it was negligence in the defendant to permit a cross tie to remain unfastened, causing the servant to slip and fall and thereby injure himself.

2. DEATH. *Damages. Instructions.*

Under the Federal Employer's Liability Act section 9, as amended by Act April 5, 1910, chapter 143, section 2, 36 Stat. 291 (U. S. Comp. St. 1913, section 8665), providing that any right of action given to a person suffering injuries shall survive to his personal representative for the benefit of the persons enumerated, an instruction that plaintiff cannot recover for any pain or suffering endured by the employee prior to his death, or for his loss of time, doctor bills, or other expense, for which he could have sued had he lived, was erroneous.

APPEAL from the circuit court of Bolivar county.

HON. W. A. ALCORN, Judge.

Suit by Nancy Brooks, Administratrix, against the Yazoo & Mississippi Valley Railroad Company. From a judgment for defendant, plaintiff appeals.

The appellant, as plaintiff, filed her declaration in the circuit court alleging that one John Brooks, an employee of the defendant railroad company, which was a common carrier engaged in interstate commerce, between the states of Mississippi and Arkansas, while engaged in repairing trestle work on an incline of the defendant's roadway leading down to the ferry on the Mississippi river, was injured by stepping on the end of a cross-tie which was not fastened and caused the plaintiff's decedent to slip and fall and receive injuries from which he suffered great bodily and mental pain and anguish for a period of several months, and up until his death several months after the injury, which injury is alleged to have been the proximate cause of the death, and recovery is asked both for the pain and suffering of the deceased prior to his death and for the loss to his family consisting of plaintiff, his wife, and several small children.

The action is brought under the Federal Employers' Liability Act, as amended April 5, 1910, the section relied on for recovery for deceased's suffering being as follows:

"That any right of action given by this act to a person suffering injuries shall survive to his or her personal representative for the benefit of the surviving widow or

. . . children of such employee, and, if none, then of such employee's parents; and, if none, then to the next of kin dependent upon such employee; but in such cases there shall be only one recovery for such injuries.''

It is alleged in the declaration that the defendant was under obligation to furnish the deceased a safe place to work, which the defendant failed to do, and, for its negligence in not furnishing such safe place for the deceased to work, became liable for damages.

There was testimony of a physician tending to show that the death of the deceased was not due to the injury, but to appendicitis. The case was submitted to a jury under instructions of the court, and from a verdict for the defendant, the plaintiff appeals, assigning, among other errors, the action of the court in giving instruction "k" requested by the defendant, which is as follows:

"The court instructs the jury for the defendant that plaintiff cannot recover in this action for any pain or suffering endured by John Brooks, as a result of the said fall, prior to his death, nor for his loss of time, doctor's bills, or other damage or expense to him prior to his death, or for which he could have sued had he lived.''

It is alleged that, by the giving of this instruction, the jury was confined to the consideration alone of damages for the death of the deceased.

On appeal, the defendant admits that the court should have permitted the jury to consider the question of damages for the suffering and expense incurred by deceased, but contends that the court should have given a peremptory instruction for the defendant, as no negligence is shown by the record to be attributable to it, and a verdict for plaintiff would not have been permitted to stand.

*Sillers, Owen & Sillers,* for appellant.

*Shands & Montgomery* and *Mayes, Wells, May & Sanders,* for appellee.

HOLDEN, J., delivered the opinion of the court.

The testimony offered by the plaintiff in the lower court was sufficient to raise a question of fact for the jury as to whether or not the defendant railroad company was guilty of negligence.

The court erred in granting the instruction lettered "k" to the defendant on the trial of this case. *St. Louis, etc., R. Co.* v. *Craft,* 237 U. S. 648, 35 Sup. Ct. 704, 59 L. Ed. 1160. For this error the judgment is reversed and the cause remanded.

*Reversed and remanded.*